UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1901-SK | Date | December 18, 2020 |
|---|---|---|---|
| Title | Darrion Gee Broomfield v. Josie Gastelo | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Erica Valencia | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

In September 2020, Petitioner, a California state prisoner, filed a first amended petition under 28 U.S.C. § 2254, challenging his 2019 convictions for domestic violence and resisting a peace officer. (ECF 4). In November 2020, Respondent moved to dismiss the petition, arguing (among other things) that it does not meet § 2254's jurisdictional "in custody" requirement because the sentences for Petitioner's 2019 convictions expired well before he filed the petition. (ECF 9). Petitioner's opposition to that motion was due December 7, 2020, but none has been filed. Failure to timely oppose a motion to dismiss may be deemed consent to the granting of the motion. *See* L.R. 7-12. And failure to oppose the motion may also support involuntary dismissal of this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

Moreover, the petition may be dismissed for lack of jurisdiction if Petitioner is not now "in custody" as a result of his 2019 convictions. *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989) ("[W]e have never extended ["in custody" requirement] to the situation where a habeas petitioner suffers no present restraint from a conviction."). According to the public records lodged by Respondent, when Petitioner was sentenced for his 2019 convictions, the trial court denied probation and credited Petitioner 473 days against concurrent 360-day sentences—which effectively amounted to a time-served sentence. (2 RT at 340, 360). If that is right, Petitioner faced no prison time, term of probation, or other "conditions which significantly confine[d] and restrain[ed] his freedom" as a result of the 2019 convictions. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Without that predicate confinement or restraint, the Court lacks jurisdiction to entertain any § 2254 petition collaterally attacking a conviction for which Petitioner is not "in custody." *See, e.g, Williams v. Baca*, 2011 WL 6402440, at *2 (C.D. Cal. June 27, 2011), *adopted by* 2011 WL 6652921 (C.D. Cal. Dec. 21, 2011).

To be sure, as a result of his 2019 convictions, Petitioner appears to have also had his probation from two *different* and *prior* domestic violence convictions revoked—and it is that revocation that led directly to his current custody. (2 RT at 339). But that does not mean his 2019 convictions—which are what Petitioner wants to challenge now—created any "collateral

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1901-SK | Date | December 18, 2020 |
|---|---|---|---|
| Title | Darrion Gee Broomfield v. Josie Gastelo | | |

consequences" that could alternatively meet the jurisdictional "in custody" requirement. *Maleng*, 490 U.S. at 491-92. "[O]nce the sentence for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492. The sentences for Petitioner's 2019 convictions "effectively expired on the date of sentencing because he was credited with more time than the sentence that was actually imposed." *Eato v. Sec'y, Fla. Dep't of Corr.*, 713 Fed. App'x 860, 862 (11th Cir. 2017) (affirming dismissal for lack of jurisdiction where § 2254 petition challenged convictions with sentence of time served).

Petitioner is thus **ORDERED TO SHOW CAUSE** on or before **January 15, 2021** why the Court should not dismiss his petition for failure to file the required opposition, lack of prosecution, or lack of jurisdiction. Alternatively, if Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached form CV-09. **If Petitioner files no notice of voluntary dismissal or timely response to this order, the Court would have yet another ground to dismiss this action for failure to prosecute.**

**IT IS SO ORDERED.**